STATE OF VERMONT

VERMONT SUPERIOR COURT
FILED

FEB - 8 2018

fee I.d. 253314
Chittenden Unit

RECEIVED
BURLINGTON, VT

MAR   6 2018
2:18-cv-40
CLERK'S OFFICE
U.S. DISTRICT COURT

SUPERIOR COURT
Chittenden Unit

SANDRA CASON, as Executrix of the ESTATE OF )
ARMANDO CASON, SANDRA CHAU, ROBERT )
CONNORS, FERNANDO DE SALVIDEA, CARLOS )
DUARTE, JOHN DUTHOIT, CHARMAINE ENSLIN, )
NATALIE FALDO, CLARISSA HOBDEN, DANIEL )
KHABBAZI, ROLAND LANCTOT, DAVID MALCHER, ) CIVIL DIVISION
ANGELA MANN, CHRISTOPHER MERCER, ANTONY ) Docket No.: 140-2-18Cncv
MITCHELL, LAKSHMAN PAIDI, GARETH PERRY, )
PETER POULSENMAURICE PRICE, ANTONY )
SUTTON and CAROLINE WATERS )
                Plaintiffs, )
        v. )
         )
EDWARD CARROLL, ESQ. AND )
MARK SCRIBNER, ESQ. )
              Defendants. )

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COME Plaintiffs, Sandra Cason, as Executrix of the Estate of Armando Cason, Sandra Chau, Robert Connors, Fernando de Salvidea, Carlos Duarte, John Duthoit, Charmaine Enslin, Natalie Faldo, Clarissa Hobden, Daniel Khabbazi, Roland Lanctot, David Malcher, Angela Mann, Christopher Mercer, Antony Mitchell, Lakshman Paidi, Gareth Perry, Peter Poulsen, Maurice Price, Antony Sutton, and Caroline Waters, by and through their attorneys, John F. Evers, Esq. of Shoup, Evers, & Green and complains against Defendants Edward Carroll, Esq. and Mark Scribner, Esq., as follows:

1. Plaintiff Sandra Cason, as Executrix of the Estate of Armando Cason, is a resident of San Antonio, Texas.

2. Plaintiff Sandra Chau is a resident of Renton, Washington.

3. Plaintiff Robert Connors is a resident of Picton, Yarm, North Yorkshire, United Kingdom.

4. Plaintiff Fernando de Salvidea is a resident of The Woodlands, Texas.

5.      Plaintiff Carlos Duarte is a resident of Bonita Springs, Florida.

6.      Plaintiff John Duthoit is a resident of Aventura, Florida.

7.      Plaintiff Charmaine Enslin is a resident of Norcross, Georgia.

8.      Plaintiff Natalie Faldo is a resident of Reseda, California.

9.      Plaintiff Clarissa Hobden is a resident of Boulder, Colorado.

10.     Plaintiff Daniel Khabbazi is a resident of Clover, South Carolina.

11.     Plaintiff Roland Lanctot is a resident of The Villages, Florida.

12.     Plaintiff David Malcher is a resident of Alpharetta, Georgia.

13.     Plaintiff Angela Mann is a resident of Fresno, California.

14.     Plaintiff Christopher Mercer is a resident of Oxfordshire, United Kingdom.

15.     Plaintiff Antony Mitchell is a resident of Boynton Beach, Florida.

16.     Plaintiff Lakshman Paidi is a resident of Paramus, New Jersey.

17.     Plaintiff Gareth Perry is a resident of Cedar Creek, Texas.

18.     Plaintiff Peter Poulsen is a resident of Conroe, Texas.

19.     Plaintiff Maurice Price is a resident of Port Charlotte, Florida.

20.     Plaintiff Antony Sutton is a resident of Welwyn Garden, Hertfordshire, United Kingdom.

21.     Plaintiff Caroline Waters is a resident of Naples, Florida.

22.     Defendant Mark Scribner is an attorney licensed to practice law in the State of Vermont and at all times relevant hereto was a partner in the law firm Carroll & Scribner, P.C. located in Burlington, Vermont.

23.     Defendant Edward Carroll is an attorney licensed to practice law in the State of Vermont and at all times relevant hereto was a partner in the law firm Carroll & Scribner, P.C. located in Burlington, Vermont.

24.     At all times relevant hereto Defendant Carroll and Defendant Scribner were engaged in the practice of law in Vermont and held themselves out as having experience and expertise in the fields of U.S. Immigration, Nationality and Consular Law, and Banking and Finance Law.

2

25.   At all times relevant hereto Defendant Carroll and Defendant Scribner were engaged in the practice of law in Vermont and held themselves out as among the most experienced internationally with the EB5 Immigrant Investor Program, through which businesses may secure private capital from foreign national investors for the development of job creating commercial enterprises.

26.   At all times relevant hereto, Defendant Carroll and Defendant Scribner, provided legal services to Plaintiffs in connection with United States immigration petitions and applications related to the Jay Peak EB5 project.

27.   During the time period that Defendant Carroll and Defendant Scribner were providing legal services to Plaintiffs, they were also providing legal services to Jay Peak Hotel Suites LP, the General Partner of such limited partnership and the General Partner's affiliated entities concerning the Jay Peak Hotel Suites LP project, including EB-5, Investor compliance issues, business model matters and related business and real estate matters.

28.   Through information and belief, Defendant Carroll and Defendant Scribner acted as legal counsel both to Jay Peak, Inc. and each of the Jay Peak EB-5 limited partnerships. As such, Defendant Carroll and Defendant Scribner were responsible for the EB-5 compliance, the eligibility of Jay Peak projects within the State of Vermont Regional Center, as well as the Securities/Blue Sky documents and compliance with respect to the various Jay Peak offerings to investors.

29.   Defendant Carroll and Defendant Scribner are listed as the attorneys on the Limited Partnership Agreement of the Jay Peak Hotel Suites, L.P.

30.   Plaintiffs each invested the sum of Five Hundred Thousand dollars in the in the Jay Peak EB5 project.

31.   Plaintiffs paid an additional Fifty Thousand dollars in administrative fees.

32.   The Jay Peak project attracted foreign investors who were hoping to earn permanent residence in the United States through investing in U.S. projects that create a certain number of jobs.  The Jay Peak project was structed as investments in limited partnerships, whereby each limited partnership would use its investors' funds for specific purposes and under certain restrictions.

33. Investors who invested in these limited partnerships thought they were investing their funds in hotels, cottages, a biomedical research facility and other projects. In reality, while some of the funds were used for the projects, the majority of the funds were commingled, misused, and diverted to pay for other projects and improper personal expenses.

34. On February 28, 2012, Defendant Carroll and Defendant Scribner received correspondence from Douglas Hulme, President and CEO of Rapid USA Visas, Inc.

35. Rapid USA Visas, Inc. was, and is, in the business of providing assistance to foreign citizens seeking visas to enter and reside in the United States. Up until February 28, 2012, Rapid Visa USA had been providing such assistance to EB5 program investors in the Jay Peak project.

36. The February 28, 2012 correspondence from Douglas Hulme states as follows:

> RAPID USA VISAS INC. has terminated its relationship with Jay Peak Inc. including related web sites because RAPID USA no longer has confidence in the accuracy of representations made by Jay Peak, Inc. or in the financial status of and disclosures made by the various limited partnerships (Jay Peak Hotel Suites, LP; Jay Peak Hotel Suites Phase II, LP; Jay Peak Penthouse Suites, LP; Jay Peak Golf and & Mountain Suites, LP; Jay Peak Lodge & Townhouses, LP; and Jay Peak Hotel Suites Stateside, LP).

37. Defendant Carroll and Defendant Scribner chose not to share a copy of the letter with any of the Plaintiffs.

38. Defendant Carroll and Defendant Scribner chose not to share the contents of the letter with any of the Plaintiffs.

39. As a result of Defendant Carroll's and Defendant Scribner's decisions not to share the letter or its contents, Plaintiffs were not made aware of the concerns expressed by Rapid Visa USA as to the accuracy of financial representations by Jay Peak, Inc. or the financial viability of the related entities identified in the RAPID Visa USA letter.

40. Defendant Carroll and Defendant Scribner knew, or should have known, that the contents of the Rapid Visa USA letter would be directly relevant to Plaintiffs' decisions as to whether to make and/or maintain their investment in the Jay Peak EB5 project.

4

41. Defendant Carroll and Defendant Scribner knew, or should have known, that by choosing not to share the contents of the Rapid Visa USA letter with Plaintiffs, Plaintiffs could suffer significant financial harm and the Plaintiffs ability to secure their Greencards through the UB5 project could have been jeopardized.

42. Had Plaintiffs been informed by Defendant Carroll and Defendant Scribner of the concerns expressed by Rapid Visa USA at or near the time they were communicated to Defendant Carroll and Defendant Scribner, Plaintiffs would have taken steps to withdraw their invested funds from the Jay Peak EB5 project.

43. Defendant Carroll and Defendant Scribner's decisions not to make its clients, the Plaintiffs, aware of the contents of the Rapid Visa USA letter resulted in a delay in Plaintiffs learning of the full extent to which their investments were at risk.

44. Defendant Carroll and Defendant Scribner's decisions not to make its clients, Plaintiffs, aware of the contents of the Rapid Visa USA letter caused Plaintiffs to be denied access to their funds and to have to engage in litigation, incurring legal fees and costs, in order to seek its return of their principal investment in Jay Peak and the administrative fees relating to such investment.

45. Defendant Carroll and Defendant Scribner had an affirmative duty to disclose the conflict of interest between the Jay Peak Limited Partnerships and the Plaintiffs and they failed to do so.

## COUNT ONE – NEGLIGENCE

46. Plaintiffs repeat the allegations set forth in Paragraphs 1 - 45 and incorporate them herein as if set forth in full.

47. Defendants owed a duty of reasonable care to plaintiffs. That duty included:

   A. An obligation to keep Plaintiffs informed of all information relevant to the subject matter of the representation.

   B. An obligation to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

   C. An obligation to decline representation where the lawyer reasonably believes he cannot provide diligent and competent representation due to his current or past representation of a different client.

5

D. An obligation to inform the client that, during the course of the representation, the lawyer reasonably believes he can no longer provide diligent and competent representation due to his current or past representation of a different client.

E. An obligation of loyalty and independent judgment to his client.

48. Defendant Carroll and Defendant Scribner breached that duty by not communicating information received from Rapid Visa USA to Plaintiffs.

49. Defendant Carroll and Defendant Scribner chose not to share the contents of the Rapid Visa USA letter even though they knew, or should have known, that such information was relevant and important to Plaintiffs and to their ability to protect their investment in the Jay Peak EB5 project.

50. Defendant Carroll and Defendant Scribner chose not to share the contents of the Rapid Visa USA letter even though they knew, or should have known, that failure to communicate such information likely would cause significant financial harm to Plaintiffs.

51. As a direct result of Defendant Carroll's and Defendant Scribner's choices, Plaintiffs suffered financial losses, for which they now seek recompense.

## COUNT TWO – BREACH OF FIDUCIARY DUTY

52. Plaintiffs repeat the allegations set forth in Paragraphs 1 - 51 and incorporate them herein as if set forth in full.

53. Defendant Carroll and Defendant Scribner owed Plaintiffs the duty of a fiduciary.

54. Defendant Carroll and Defendant Scribner violated that duty by choosing to favor the financial interests of themselves and/or other clients over those of Plaintiffs.

55. As a direct result of Defendant's breach of their fiduciary duty, Plaintiffs suffered financial losses, for which they now seek recompense.

## COUNT THREE – BREACH OF CONTRACT

56. Plaintiffs repeat the allegations set forth in Paragraphs 1 - 55 and incorporate them herein as if set forth in full.

57. Pursuant to a written Fee Agreement for Legal Services, Defendant Carroll and Defendant Scribner were obligated to inform Plaintiffs that:

A. Their continued representation of other clients, to wit: Jay Peak, Inc., each of the Jay Peak EB-5 limited partnerships, and Jay Peak Hotel Suites, L.P., created a conflict of interest for Defendant Carroll and Defendant Scribner to continue to represent Plaintiffs;

B. As a result of their conflict of interest, Defendant Carroll and Defendant Scribner were no longer able to represent Plaintiffs.

C. Plaintiffs needed to seek other legal counsel forthwith in order to protect their interests.

58. Defendant Carroll and Defendant Scribner breached their contractual duties when they failed to inform Plaintiffs of their conflict, that they were no longer able to represent as a result, and that Plaintiffs needed to seek other legal counsel in order to protect their interests.

59. As a direct result of said breach, Plaintiffs suffered substantial financial losses for which they seek recompense.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs seek damages in such amounts as they may prove together with such other relief requested herein and otherwise which the law allows.

7

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED at Burlington, Vermont this 8th day of February, 2018.

SHOUP EVERS & GREEN, PLLC

JOHN F. EVERS, ESQ. - ERN: 1964
Attorneys for Plaintiff
84 Pine Street, Fourth Floor
Burlington, VT 05401
(802) 861-6666

8